```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BERNICE FRIMPONG,

                        Plaintiff,

        -against-                                               REPORT & RECOMMENDATION
                                                                22 CV 4435 (RPK) (CLP)
TULIP MANAGEMENT LLC, JOHN DOE 1-
X, CORPORATIONS 1-X,

                        Defendants.
----------------------------------------------------------X
```

**POLLAK**, United States Magistrate Judge:

On July 28, 2022, plaintiff Bernice Frimpong ("plaintiff" or "Frimpong") commenced this action against defendant Tulip Management LLC, and unidentified individuals and corporations[1] (collectively, "defendants"), alleging that defendants violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq., the New York State Human Rights Law, N.Y.S. Executive Law § 296(2)(a) ("NYSHRL"), the New York State Civil Rights Law § 40-c and § 40-d ("NYSCRL"), and the New York City Human Rights Law § 8-107 ("NYCHRL"). (See Compl.[2]).

Currently pending before this Court on referral from the Honorable Rachel P. Kovner, United States District Judge, is plaintiff's motion for default judgment. (See Pl.'s Mem.[3]). For the reasons set forth below, the Court respectfully recommends that plaintiff's motion be denied with leave to renew.

---

[1] The unidentified individuals and entities are yet unknown, "but who or which might share liability as owners, lessors, lessees, or operators" of the subject facility. (Compl. ¶ 34).

[2] Citations to "Compl." refer to the Complaint, filed July 28, 2022, ECF No. 1.

[3] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of her Motion for Default Judgment, filed November 4, 2022, ECF No. 11.

FACTUAL BACKGROUND

Plaintiff is a 40-year-old woman who resides in the Bronx and depends on her wheelchair for mobility. (Id. ¶¶ 7, 57, 62). She identifies as a "Tester," who visits places of public accommodation to determine whether they are ADA-complaint. (Id. ¶¶ 91-92). Defendant Tulip Management LLC ("Tulip") is alleged to be the owner of a commercial lot, located at 195-17 Jamaica Avenue, Hollis, NY 11423-2639. (Id. ¶¶ 10, 13, 25). Located on the commercial lot is the store, Triple A Liquor, which is the subject of this lawsuit ("Subject Facility"). (Id. ¶ 12). Defendant Tulip Management LLC leases its building, and/or land, and/or space on the ground level of its building to an unknown defendant[4] that operates Triple A Liquor. (Id. ¶¶ 11, 26).

Plaintiff alleges that she visited Triple A Liquor in March 2022 and was discriminated against in violation of the ADA due to an architectural barrier at the Subject Facility, *i.e.*, by the lack of a ramp and the existence of a five-inch-high step at the entrance, the removal of which is readily achievable. (Id. ¶¶ 71-72, 75, 77, 135). Plaintiff alleges that she will continue to suffer discrimination and injury due to the architectural barriers and that she intends to visit the Subject Facility again as soon as the barrier to access is removed. (Id. ¶ 123).

Plaintiff asserts four causes of action: (1) violations of Title III of the ADA; (2) violations of the NYSHRL; (3) violations of the NYSCRL; and (4) violations of the NYCHRL. Plaintiff seeks injunctive relief, including an order to alter the Subject Facility to make it readily accessible and compliant with the ADA, NYSCRL, NYSHRL, and NYCHRL. (Id. at 32). She also requests that the Court issue a permanent injunction that, among other things, enjoins defendants from engaging in discrimination based on disability. (Id. at 31). Additionally,

---

[4] Plaintiff states that she does not have sufficient information to ascertain the identity of the entity that operates the Subject Facility and intends to obtain that information during discovery. (Id. ¶¶ 14-23).

plaintiff seeks declaratory relief and statutory and compensatory damages. (Id. at 32-33). Lastly, plaintiff seeks an award of reasonable attorney's fees, costs, and expenses. (Id. at 33).

PROCEDURAL BACKGROUND

Following the filing of the Complaint on July 28, 2022, the Summons and Complaint were served on defendant Tulip on August 25, 2022. (See Compl.; ECF No. 8). When defendant Tulip failed to file an Answer or otherwise respond within the required time period, plaintiff requested that a Certificate of Default be entered against the defendant on September 21, 2022. (ECF No. 9). Thereafter, the Clerk of Court entered a Certificate of Default against defendant Tulip on September 27, 2022. (ECF No. 10).

On November 4, 2022, plaintiff filed a motion for default judgment, accompanied by a declaration from her counsel, a Memorandum of Law in support of the motion, a declaration regarding defendant's military status, a proposed judgment and order of permanent injunction, and notice to the NYS Civil Rights Bureau and NYC Commission on Human Rights regarding the filing of the present lawsuit. (ECF Nos. 11, 11-1 to 4). Defendants did not respond to plaintiff's Motion for Default Judgment. On November 7, 2022, the Honorable Rachel P. Kovner referred plaintiff's Motion for Default Judgment to the undersigned to issue a Report and Recommendation. (Order, dated Nov. 7, 2022).

Thereafter, on May 12, 2023, the undersigned issued an Order providing defendants with an opportunity to submit any papers in response to plaintiff's motion and to request an inquest hearing. (ECF No. 13). Defendants did not respond. On May 24, 2023, plaintiff supplemented her motion for default judgment by filing a motion for attorney's fees for work that counsel performed in the matter. (ECF No. 15).

3

DISCUSSION

I.        Procedural Requirements for Default Judgment

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); see also Morales v. Los Cafetales Restaurant Corp., No. 21 CV 1868, 2023 WL 375647, at *3 (E.D.N.Y. Jan. 3, 2023) (stating that "[l]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution") (quoting Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008)), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023). Pursuant to Local Civil Rule 55.2(b), a movant's motion for default judgment must append "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."

Here, plaintiff has failed to comply with Local Civil Rule 55.2(b). Plaintiff has not attached the Clerk's certificate of default or a copy of the Complaint to her motion for default judgment. The fact that both of these documents "may be found electronically, scattered on the docket, does not absolve [plaintiff] of [her] obligation to collect and append copies to [her] moving papers." Bhagwat v. Queens Carpet Mall, Inc., 2017 WL 9989598, at *1 (collecting cases); see also Ji Han Yoon v. Toothsavers Dental lab., Inc., No. 19 CV 2283, 2020 U.S. Dist. LEXIS 109934, at *21 (E.D.N.Y. June 22, 2020) (stating "[i]t is not enough that the complaint or Clerk's certificate of default can be found interspersed throughout the docket"), report and recommendation adopted, 2020 U.S. Dist. LEXIS 134054 (E.D.N.Y. July 27, 2020). Indeed, "[a]s harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2(b). Lugo v. Allstate Ins.

Co., No. 19 CV 7150, 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), report and recommendation adopted, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022); see also Ji Han Yoon v. Toothsavers Dental lab., Inc., 2020 U.S. Dist. LEXIS 109934, at *19 (finding that "[p]laintiff's failure to comply with the requirements under Local Civil Rules 55.2(b) and (c) warrants denial of the motion for default judgment in its entirety"); Bhagwat v. Queens Carpet Mall, Inc., 2017 WL 9989598, at *2; Assets Recovery Ctr. Invs., LLC v. Smith, No. 13 CV 253, 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015); Apex Maritime Co. v. Furniture, Inc., No. 11 CV 5365, 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012).

Additionally, pursuant to Local Civil Rule 55.2(c), "all papers submitted to the Court" pursuant to Local Rule 55.2(b) "shall simultaneously be mailed to the party against whom a default judgment is sought at . . . the last known business address of such party (if a person other than an individual)." Courts in this district "strictly construe[] this rule such that failure to comply . . . warrants denial of the motion for default judgment." Morales v. Los Cafetales Restaurant Corp., 2023 WL 375647, at *4. Since plaintiff did not append the certificate of default or the Complaint[5] to her motion for default judgment, it is likely that she also failed to simultaneously mail a copy of the certificate of default or the Complaint to defendant. Absent a showing from plaintiff to the contrary, her motion for default judgment does not comply with Local Civil Rule 55.2(c). See Ji Han Yoon v. Toothsavers Dental lab., Inc., 2020 U.S. Dist.

---

[5] The Court notes that plaintiff's Memorandum of Law in support of her Motion for Default Judgment is devoid of many important allegations from the Complaint. For example, the Memorandum of Law makes no mention of plaintiff's allegations that she uses a wheelchair or that there is a five-inch-high step at the entrance of the Subject Facility. Requiring plaintiff to mail out the Complaint so that defendants have notice of the specific claims in the default judgment motion "is conducive to both fairness and efficiency." (Comm. Note, Loc. Civ. R. 55.2).

LEXIS 109934, at *22 (finding that plaintiff failed to comply with Local Civil Rule 55.2(c) where plaintiff failed to append the certificate of default, complaint, or a proposed form of default judgment with his motion and "neither counsel's affirmation nor the record establishes that a copy of [those documents] were mailed to Defendants").

Moreover, although plaintiff attached a proposed form of default judgment to her motion (ECF No. 11 at 24-28), she has failed to file proof that she mailed the proposed form to defendant. Specifically, plaintiff's motion provides separate certificates of service for every other document attached to her motion for default judgment, but plaintiff has not provided such a certificate of service for the proposed form of judgment to defendant, thereby further violating Local Civil Rule 55.2(c). "This deficiency also warrants denial of the motion." Feng Lin v. Quality Woods, Inc., No. 17 CV 3043, 2019 U.S. Dist. LEXIS 14239, at *19-20 (E.D.N.Y. Jan. 28, 2019) (recommending denial of motion for default judgment, in part due to plaintiff's failure to mail a copy of the Complaint pursuant to Local Civil Rule 55.2(c)), report and recommendation adopted, 2019 U.S. Dist. LEXIS 56860 (E.D.N.Y. Mar. 31, 2019); see also D'Arrigo Bros. Co. of N.Y., Inc. v. Met Food Basics, Inc., No. 19 CV 5474, 2021 WL 781745, at *4 (E.D.N.Y. Mar. 1, 2021) (stating that "[p]laintiff's failure to comply with Local Civil Rule 55.2(c) [by failing to provide proof of mailing] provides an independent ground on which to deny its motion for a default judgment"); Assets Recovery Ctr. Invs., LLC v. Smith, 2015 WL 13741871, at *4 (denying motion for default judgment because plaintiff failed to simultaneously mail defendants the documents enumerated in Local Rule 55.2(b)).

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's motion be denied without prejudice and with leave to renew in compliance with the Court's Local Rules.

6

Plaintiff is Ordered to serve this Report and Recommendation on defendants and file proof of service on the docket by June 30, 2023.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specific time waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: June 27, 2023
      Brooklyn, New York

/s/ Cheryl L. Pollak
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York